COCHRAN *v.* JONES.

1. To a suit on promissory notes given for the price of a thrashing machine, the defendant having pleaded that he was induced to sign them by false and fraudulent representations of plaintiff that the machine was good and reasonably suited for thrashing wheat, when in fact it was worthless and unsuited for such purpose, which fact was known to plaintiff when he made the representations, and that the defects in it were latent, known to plaintiff when he made the representations, but could not be seen by defendant or detected by the use of ordinary diligence; also warranty express and implied; and recoupment for damages sustained in repairing and attempting to operate the machine; the evidence being conflicting, and the judge being satisfied with the verdict, there was no abuse of discretion in denying a new trial.

2. Whether or not the representations testified to have been made by the plaintiff amounted to an express warranty, yet where the evidence tended to show that there might have been an implied warranty, testimony as to the items of expense incurred by defendant in repairing and trying to run the machine, and that it was worthless, was admissible.

3. It being for the jury to decide, under conflicting evidence as to the truth of the pleas, whether the sale of the machine and the signing of the notes were procured by fraud, and whether there was a latent defect known to the plaintiff and not discoverable by the defendant, it was proper to give in charge sections 2654, 3173-5, of the code.

4. Under such pleas and evidence, it was not erroneous to charge that if the plaintiff, in selling the machine, made the representations alleged, and they were relied upon by the defendant in buying it and giving his notes, and if it was not such a one as represented but was defective in a particular unknown to defendant, not open to his inspection and not ascertainable by the exercise of ordinary prudence and caution, and such defect rendered it wholly

worthless, then there would be a total failure of consideration, and the plaintiff could not recover.

5. Nor was it error to charge that if the machine was not wholly worthless but was of some value, the plaintiff would be entitled to recover that value, unless the defendant was entitled to recoup damages against him on account of expenses incurred in repairing the machine and trying to operate it; and if he incurred such damages, using all ordinary and reasonable care and skill in trying to operate the machine and not continuing his efforts and expense longer than a man of ordinary care and prudence would have done, and could not operate it, he would be entitled to recoup against the plaintiff the damages sustained on account of such expenses; but if before incurring such expenses he found out, or as a reasonable and prudent man ought to have found out, that it was impracticable to operate the machine, he could not charge the plaintiff with such expenses.

6. It appearing that the seller knew the purpose for which the buyer intended to use the machine, that it was not in running order at the time of the sale on account of certain defects which the seller pointed out, stating that these could be repaired by the expenditure of twenty or twenty-five dollars, and that these repairs were made; and there being no proof that the seller expressly refused to warrant, and the nature of the transaction not showing that there could have been no implied warranty, it was not error under the code, §2651 (which differs from the common law rule), to charge on the subject of implied warranty.

7. After charging that if there was an implied warranty and there were hidden defects in the machine, it was the duty of the defendant to have them repaired by some person competent to do it, and the measure of damages against the plaintiff would be the cost of putting the machine in such condition as he represented it to be, it was not error to add that if such repairs would have cost more than the amount of plaintiff's debt, the defendant was not under obligation to have them made.

8. It is the duty of the court to make the brief of evidence correct before ordering it filed as a part of the record.

July 7, 1890.

Promissory notes. Pleadings. Consideration. Warranty. Recoupment. Verdict. Evidence. Fraud. Charge of court. Damages. Sales. Practice. Before Judge NEEL. City court of Cartersville. September adjourned term, 1889.

Reported in the decision.

J. B. CONYERS and J. H. LUMPKIN, for plaintiff.

BAKER & HEYWARD, for defendant.

SIMMONS, Justice.

Cochran sued Jones on two promissory notes. Jones filed a plea of the general issue. Also a plea that the consideration of the notes sued on was a certain separating thrashing-machine, which defendant was induced to purchase, and to sign said notes, by the false and fraudulent representations of the plaintiff; that plaintiff represented that the machine was a good one and reasonably suited for thrashing wheat, and that all it needed was some bolts and babbit metal run in the boxes, and that the machine was in every way first-class and did first-class work, when in fact it was worthless and not at all suited for thrashing purposes, all of which was known to the plaintiff at the time he made said representations; that defendant relied upon these representations and believed them to be true; that while the machine was the property of plaintiff, and while plaintiff was operating it, a monkey-wrench was allowed to run through the machine, which so sprung the cylinder that the machine could never afterwards be made to run and do good work; that this was all known to the plaintiff when he made the representations above mentioned and procured the defendant to purchase the machine and sign the notes; that these defects in the machine could not be seen by defendant, or detected by the use of ordinary diligence, but were latent defects known to the plaintiff at the time he made the representations. Defendant further pleaded an express warranty made by the plaintiff at the time of the contract; also an implied warranty that the machine was reasonably suited for the use intended. Defendant also filed a plea of recoupment setting up the damage sustained by him in repairing the machine, and the loss and damage sustained for nine days while attempting

to operate the same. On the trial of the case, the jury returned a verdict in favor of the defendant for five dollars. Plaintiff made a motion for a new trial upon the several grounds stated therein, which was overruled by the court, and he excepted.

1. The 1st, 2d, 3d and 6th grounds of the motion are the usual ones, that the verdict is contrary to the evidence, etc. The evidence introduced by the plaintiff and the defendant was conflicting. The jury believed the witnesses for the defendant; the trial judge was satisfied with their finding, and we cannot say that he abused his discretion in refusing to grant a new trial upon these grounds.

2. The 4th and 5th grounds of the motion complain that the court admitted the testimony of various witnesses as to the items of expense defendant incurred in repairing and endeavoring to run the machine, and that the machine was worthless. The objection to this testimony was, that there was no express or implied warranty in the sale of the machine. Whether the representations which the defendant testified the plaintiff made at the time of the sale amounted to an express warranty or not, we are of the opinion that under the facts of this case there might have been an implied warranty, which we will discuss later in this opinion. There was, therefore, no error in admitting the testimony complained of.

3. The 7th ground complains, in substance, that the court erred in reading in his charge to the jury §§2654, 3173, 3174, and part of §3175, of the code. The defendant pleaded that the sale to him of the thrasher and the signing of the notes sued on was induced by fraud; that there was a latent defect in the machine, which was known to the plaintiff at the time of the sale, but which could not be detected by defendant by the use of ordinary diligence, and he testified to the truth of these

·pleas. It is true that the plaintiff in his testimony denied that he made any false representations to the defendant about the machine, and says he disclosed to defendant all of the defects in the machine known to him. It became, therefore, a fact for the jury to decide, whether the sale of the machine and signing of the notes was procured by fraud, and whether there was a latent defect in the machine which was known to the plaintiff, but which could not be detected by the defendant. It being, then, a question of fact for the jury, it was proper for the court to read §2654 of the code, which defines the meaning of a latent defect; and it was also proper for the court to read the other sections ·complained of, which treat of misrepresentation, fraud, and suppression of the truth. It would not be fair for the trial judge to charge the jury upon the theory of the plaintiff alone; he must charge the law upon the theory of both parties.

4. The 8th ground of the motion is, that the court charged, in substance, as follows: If you find from the evidence that the plaintiff, in selling the thrashing-machine, made the representations concerning it which this defendant in his plea alleges were made; and if you believe that the defendant, in buying the machine and giving his notes therefor, relied upon said representations; and if you find that said machine was not such a one as the plaintiff represented, that it was defective in a certain particular which was unknown to defendant, and such defect was not open to defendant's inspection and could not have been ascertained by the ·exercise of ordinary prudence and caution, and such defect rendered the machine wholly worthless, then there would be a total failure of consideration, and the plaintiff could recover nothing from the defendant on these notes. We do not think this charge was erroneous as complained of by the plaintiff in error. It will be

remembered that the defendant pleaded that he was induced to buy the machine and to give the notes sued on, by the false and fraudulent representations of the plaintiff; that the plaintiff represented to him that the machine was a good one, and that it was in every way first-class and did first-class work, when in fact it was worthless; and that this was well-known to the plaintiff at the time he made these representations in order to sell the machine and induce defendant to sign the notes. Under this plea, and the evidence given by the defendant to sustain it, there was no error in giving this instruction to the jury. Code, §2957, declares: "Fraud by one, accompanied with damage to the party defrauded, in all cases gives a right of action." Code, §3174, declares that "Misrepresentation of a material fact made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, *or if made by mistake and innocently*, and acted on by the opposite party, constitutes legal fraud." See also *Terhune* v. *Dever*, 36 *Ga.* 648; *James* v. *Elliott*, 44 *Ga.* 237. The defendant in this case testified that the plaintiff represented that this was a first-class machine and would do first-class work, and that he relied upon such statement and did not rely upon his own judgment when he purchased the machine. This made a question of fact to be passed upon by the jury, and the court was right, therefore, in giving this instruction. In using the word "machine" in his charge, the court doubtless meant to include the whole subject-matter of the purchase.

5. The 9th ground complains that the court erred in instructing the jury that if the machine was not wholly worthless, and was of some value, the plaintiff would be entitled to recover that value with interest, unless they should find that the defendant was entitled to recoup damages against the plaintiff on account of the

expenses incurred in repairing the machine and in hiring hands and trying to operate it; that if the jury believed that the defendant incurred such expenses in trying to operate the machine, and that he used all ordinary, proper and reasonable care and skill in trying to operate it, and that he did not continue his efforts and expense longer than a man of ordinary care and prudence would have done, and if he could not operate the same, then the defendant would be entitled to recoup against the plaintiff the damages he sustained on account of such expenses; if, however, the jury should believe that the defendant, before incurring such expenses, found out, or, as a reasonable and prudent man, ought to have found out that it was impracticable to operate said machine, he could not charge the plaintiff with such expenses after he found out, or ought to have found out, that it was impracticable to operate the machine.

Section 2912 of the code declares: "Recoupment may be pleaded in all actions *ex contractu*, where, from any reason, the plaintiff under the same contract is in good conscience liable to defendant. And in all cases where, under the laws of this State, recoupment may be pleaded, if the damages of the defendant shall exceed in amount those of the plaintiff, the defendant shall in such cases recover of the plaintiff the amount of such excess." Under this section of the code, and the pleas and evidence in this case, there was no error in the trial judge giving the charge complained of. The testimony shows that Cochran, the plaintiff, knew the purpose for which the defendant purchased the machine. Defendant's testimony shows that the plaintiff represented it to be a first-class machine with the exception of certain patent defects pointed· out by the plaintiff. These defects seem to have been repaired by the defendant. After the repairs were made, defendant

testified that the machine, on account of an undisclosed latent defect, would not operate; that he incurred a large expense in trying to operate it, and did not, or could not, discover the defect (to wit, that the shaft was bent) until the machine was taken to pieces. If this testimony was true, and the jury had a right to believe it, defendant was entitled to recover damages of the plaintiff for the expense incurred by him in repairing and trying to operate the machine for a reasonable time. *James* v. *Elliott*, 44 *Ga.* 241.

6. The 10th ground of the motion complains that the court erred in charging the jury upon the subject of implied warranty, and in reading section 2651 of the code upon that subject. That section is as follows : "If there is no express covenant of warranty, the purchaser must exercise caution in detecting defects; the seller, however, in all cases (unless expressly or from the nature of the transaction excepted) warrants : 1. That he has a valid title and right to sell. 2. That the article sold is merchantable, and reasonably suited to the use intended. 3. That he knows of no latent defects undisclosed." It was contended by counsel for the plaintiff in error that the court erred in giving this instruction to the jury, because the article sold was personal property; that the purchaser had an opportunity of inspecting it, and did inspect it; and therefore there could be no implied warranty, but that the rule of *caveat emptor* applies. Counsel cite a great many authorities to sustain them in this contention. We are frank to admit that this is undoubtedly the common law rule. We think, however, that our code (§2651) changes that rule. It makes no exception in any kind of a sale, but says in all cases, unless expressly, or from the nature of the transaction excepted, the seller warrants, etc. In this case there is no proof that the seller expressly refused to warrant, nor does the nature of

the transaction show that there could have been no implied warranty. It is true that the seller pointed out certain defects and informed the defendant that they could be repaired by the expenditure of twenty or twenty-five dollars. It is also true that he knew the defendant wished to purchase the machine for the purpose of thrashing wheat for the public. The evidence shows that these defects were repaired. We think, under this state of facts, that the jury could find, under our code, an implied warranty that the machine was reasonably suited for the use intended—that when these repairs were made, it would do the work for which it was purchased. We do not think the fact that the seller points out certain patent defects in an article which could be discovered by examination, will exclude the warranty which the law, under our code, implies in all cases, unless the seller expressly refused to warrant, or an implied warranty is excepted from the nature of the transaction. It may be asked, when does the nature of the transaction except an implied warranty? The facts of this case will furnish an example. The second paragraph of the section above quoted says that the seller warrants that the article sold is merchantable. The facts in the present case show that the machine was not in running order at the time defendant purchased it; that the babbit had been melted out of the boxes, and that there were other defects which prevented it from running at that time; and that it was worthless as a thrashing-machine until these defects were repaired. The law, therefore, would not imply that the seller warranted that the machine was merchantable in its then condition; but it would imply that when the seller pointed out these defects and stated that they could be repaired, and the repairs were made, the machine would then be reasonably suited for the use intended. There was no error, therefore in charging upon the subject of implied warranty.

7. There was no error in the addition which the court made to the request of the plaintiff as set out in the 12th ground of the motion. The addition or qualification seems to us to be as much, or more, in favor of the plaintiff as the defendant.

8. The next error complained of is that the court made a change in the brief of evidence by adding to the testimony of the witness Frix. If the brief of evidence was not correct, the court had a right—indeed, it was his duty—to correct it before he ordered it filed as a part of the record in the case. *Judgment affirmed.*