### 2032.   HIRSCH v. SCHOFIELD'S SONS COMPANY.

RUSSELL, J.  1. The plaintiff proved his case as laid, and it was error to award a nonsuit.

2. According to the evidence for the plaintiff, he purchased borings and turnings from a pile of such material, which appeared to be merchantable, and they were to be loaded and shipped by the defendant to a buyer to whom the plaintiff had sold them.  If the plaintiff had seen the car after it was loaded by the defendant, and, after full opportunity for inspection, had accepted it, a nonsuit might have been proper; because he would thereby have waived all defects discoverable by ordinary care. But there was no proof that the car of material shipped by the defendant was taken from the pile which the plaintiff saw at the time of the purchase, and, from the testimony in behalf of the plaintiff as to the character of the turnings and borings he saw, and as to the nature of merchantable turnings and borings in general, considered in connection with the testimony as to the very different character and the much inferior quality of the shipment received by the plaintiff's customer, the jury would have been authorized to infer that the scrap-iron shipped was obtained from a different pile and was entirely distinct from the material actually purchased by the plaintiff, or that dirt and refuse had been added to that which he did see.

3. Where a plaintiff shows a breach of either an express or an implied warranty, profits not dependent upon speculative contingencies, but which can be shown to be certain, fixed in amount, and the direct fruit of a valid contract, reasonably to be anticipated from the breach, are

recoverable, where it appears that the loss of the profits is due solely to the defendant's breach of his contract.                    *Judgment reversed.*

DECIDED SEPTEMBER 20, 1910.

Complaint; from city court of Macon—Judge Hodges.   June 15, 1909.

*Feagin & Urquhart,* for plaintiff.

*Hardeman, Jones & Johnston,* for defendant.