4208. BATEMAN *et al.* v. WARFIELD.

RUSSELL, J. 1. Where one sells another a jack, to be used for the purpose of breeding mules, there is an implied warranty that the jack is reasonably suited to the uses intended; and it follows that where suit was brought on a promissory note given for the purchase-price of such a jack, a plea setting up that the jack was impotent and totally unsuited for the uses intended should not have been stricken.

2. In such a case the defendant may plead a breach of such an implied warranty, notwithstanding it was stipulated in the note that the vendor "does not warrant the health or soundness of said animal." It can not be held, as a matter of law, that mere impotence renders an animal either unhealthy or unsound, within the meaning of such a stipulation as that above quoted.

3. The defendant is entitled to recoup the amount of fees which he lost by reason of the failure to serve the mares which were actually brought to the jack for service (*Hirsch* v. *Schofield's Sons Co.,* 8 *Ga. App.* 284 (3), 68 S. E. 1076), but he is not entitled to recover the amount paid as veterinary's fee, or for feed of the jack.

4. The question whether the vendee knew, at the time a part of the purchase-money was paid, that the jack was impotent, and therefore waived

the vendor's breach of warranty implied by the law, was a fact to be determined by the jury.        *Judgment reversed.*

DECIDED FEBRUARY 11, 1913.

Attachment; from city court of Houston county—Judge Brunson.   April 15, 1912.

*A. C. Riley,* for plaintiffs.   *F. Chambers & Son,* for defendant.