## 7630. BATTLE BROTHERS v. SHERLOCK.

In the sale of personal property there is an implied warranty (unless expressly or from the nature of the transaction excepted) that the seller has a valid title and right to sell. Civil Code (1910), § 4135. Under the evidence in this case, this implied warranty was not excepted in the sale of the property in question.
                    DECIDED NOVEMBER 16, 1916.

Action for breach of warranty; from city court of Albany—Judge Clayton Jones. May 24, 1916.

*W. H. Burt,* for plaintiffs in error. *Pope & Bennet,* contra.

HODGES, J. Sherlock sued Battle Brothers for a breach of an implied warranty of title to a certain mule which he had bought from them. There was no controversy as to the title having failed,

and the only question submitted to the court was whether there had been any warranty of title, either express or implied, in the sale of the mule. The trial judge directed a verdict in favor of the plaintiff, and the defendants excepted.

1. The evidence was substantially as follows: An agent of the defendants sold the mule in question. He testified, that he bought it from a strange negro the day before he sold it to Sherlock; that Sherlock came to him to trade for it, making him a proposition to swap a mule, valued at $90, and pay $50 in cash, for this mule; that Sherlock guaranteed his mule to be sound, and that he (the witness) replied that he "would not guarantee anything about" the mule owned by the defendants; that it had just been bought from a strange negro the day before, and that they knew nothing about it, and that this was the reason they were selling the mule so cheap. He testified that he had suspicions about the title to the mule, and did not guarantee the title; that "nothing was said about the title to either mule."

The court did not err in directing a verdict in favor of the plaintiff. Where there is no express warranty, the purchaser is bound to exercise caution in detecting defects, but the seller in all cases, unless expressly or from the nature of the transaction excepted, warrants that he has a valid title and right to sell. Civil Code, § 4135. In this case it will be observed that the parties to the transaction were discussing the qualities and soundness of the mule involved in the case, and, in response to Sherlock's statement that he guaranteed the qualities of his mule, the agent for the defendants told Sherlock that he "would not guarantee anything" about the mule in question. He testified that he had suspicions about the title, but that "nothing was said about the title to either mule." There was an implied warranty of title, because, as a matter of law, such warranty is implied where there is no express agreement to the contrary; and it is not contended that there was an express agreement to the contrary in this case. It has been held that "Since 'an express warranty excludes an implied warranty on the same or a closely related subject, but not an implied warranty on an entirely different subject,' a stipulation, in a contract for the sale of live stock, that the vendor 'does not warrant the health, life, and soundness of such stock, but only the title thereto,' excludes any warranty as to the 'health, life,

and soundness' of the stock and all related subjects, but does not exclude the implied warranty fixed by law that the article or thing sold is merchantable and reasonably suited to the use intended (Civil Code, § 4135). *Barber* v. *Singlelary,* 13 *Ga. App.* 171 (78 S. E. 1100). See also *Bateman* v. *Warfield,* 12 *Ga. App.* 259 (77 S. E. 104)." *Watson* v. *Smith,* 15 *Ga. App.* 62 (82 S. E. 633). While there may be some conflict in the authorities on the question raised in this case, it has been well settled in this State, since the adoption of the code, that unless one or all the implied warranties are excepted expressly in the contract of sale, a breach of any implied warranty covered by the section cited above gives the injured party a right of action. In this case it was conceded in open court that if there was an implied warranty as to title under the law, the plaintiff was entitled to the verdict as directed by the court.                                   *Judgment affirmed.*