28050. NATIONAL SHEET METAL COMPANY *v.* McKENZIE *et al.*

DECIDED FEBRUARY 23, 1940. REHEARING DENIED MARCH 22, 1940.

*Thomas E. McLemore,* for plaintiff in error.
*Howell & Post,* contra.

FELTON, J. This is an action for the breach of a contract for the installation of a heating system in a house of the defendant in error. The contract provided that when the system was installed the furnace would heat the house to a certain degree of heat when the temperature outside was zero. The furnace was installed and paid for during the warm months, and it was not until the winter months arrived that it was ascertained that the furnace would not heat the house to the required temperature. Certain changes were made in the system to render it as serviceable as had been guaranteed. These changes were made and paid for by the defendant in error, and it is for the expense of these changes that this suit was brought. The judge of the civil court of Fulton County rendered a judgment for the defendant in error. The judge of the superior court overruled the certiorari of the corporation and it excepted.

The evidence disclosed that when the furnace was being placed in the basement of the house the defendant in error directed the employees of the plaintiff in error to change the location of the furnace to another location selected by him, and that this change of location necessitated the placing of offsets in the heat pipes, with the result that the heat was partially cut off from those pipes beyond the offsets. There was no evidence that the contractor in-

stalling the furnace or its agents protested against the move, or informed the defendant in error that to change the location would lessen the efficacy of the furnace, nor was there any evidence that the contract guaranteeing the furnace to heat to a certain temperature was amended by it. Hence the location of the furnace was the contractor's act and responsibility.

It is contended by the plaintiff in error that the measure of damages is the difference between the market price of the article at the time of its purchase and at the time of the damage complained of. This case is not for a breach of warranty, express or implied, of the furnace itself, but for a breach of warranty that the furnace would be installed in such a way as to heat the premises to the required temperature. The furnace, so far as the record shows, is worth as much now as it was at the time it was installed. It was the manner of the installation which has caused the trouble. It was set out in the petition that the vents from which the heat was to go to the various rooms were deficient in a number of rooms, and too large in others. This would not detract from the intrinsic value of the furnace but it would affect its ability to heat the house properly. Thus also with the fan that was put into the furnace. If the pipes were put in in such a way that the force of gravitation would not carry the heat to the desired sections of the house, and it became necessary to place a fan in the furnace, the owner would be entitled to the reasonable expenses necessary to bring the operation of the furnace up to the guarantee. If the defendant in error had the location of the furnace moved, and the change necessitated the placing of offsets in the heat pipes and rendered the furnace less effective, this would not relieve the plaintiff in error from liability for a defective installation in the absence of any notice to the defendant in error that to so move the furnace would render it less able to heat the premises, and in the absence of a change in the warranty that the furnace would heat the house to the desired temperature.

The cases cited by the plaintiff in error as to the measure of damages have no application to the case here. The evidence supported the judgment. No errors of law appearing, the court did not err in overruling the certiorari. The motion that damages be assessed against the plaintiff in error is denied.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*