40662.  TAYLOR v. WILSON.

Decided May 4, 1964.

*Reinhardt & Ireland, D. C. Ireland, Glenn Whitley,* for plaintiff in error.

*G. Gerald Kunes,* contra.

EBERHARDT, Judge. ■ For a breach of the seller's implied warranty of merchantability a purchaser may recover (a) the reasonable expense of operating or attempting to operate the machine or equipment, provided none of the expense is incurred after discovery of the fact that it could not be made to operate properly, *Cochran v. Jones,* 85 Ga. 678, 683 (5) (11 SE 811), (b) the reasonable cost of making repairs or correcting defects if incurred by him, *National Sheet Metal Co. v. McKenzie,* 62 Ga. App. 292 (8 SE2d 93), or if, by reason of the breach or defects the machine or equipment can not be made to operate properly by making repairs or correcting defects, (c) the difference be-

tween the amount paid and the value of the chattel, *Farmer v. Lee & Smith Mule Co.*, 59 Ga. App. 257, 258 (5) (200 SE 467), and (d) loss of profits resulting from the breach, if not speculative, *Hirsch v. Schofield's Sons Co.*, 8 Ga. App. 284 (3) (68 SE 1076), and (e) any damage to person or property directly traceable to the breach. Where "[t]he petition shows a breach of the warranty, and loss to plaintiff appears from its allegations" a cause of action is set out. *Welfare Finance Co. v. Waters*, 98 Ga. App. 20, 23 (104 SE2d 669).

No claim was made for any expenses of operation, for making repairs or replacements of defective parts, for damage to person or property, and the claim for loss of profits by reason of the decreased value of Wilson's tobacco due to improper curing when the thermostats malfunctioned was stricken on demurrer—that ruling being unexcepted to. Thus the jury had only the claim of the difference in the amount paid and the value of the curers to deal with in making its verdict.

■ While Wilson testified, in support of his claim for recoupment, that the curers were "useless . . . just junk . . . and would have sold on the junk market for something like $25.00," he also testified that the reason they did not operate properly after installation was that the thermostats malfunctioned, the replacement of which would cost approximately $30; that he thought them to be the best curers on the market if the thermostats had worked, and that after the thermostat was replaced in one of them it "worked perfectly." The other thermostat was similarly replaced, though after the end of the 1961 curing season, and in the absence of any evidence to the contrary it is to be assumed that this replacement would produce similar results.

"Where any party—plaintiff, defendant, claimant, or what not —takes the stand as a witness in his own behalf, and delivers testimony which is self-contradictory on the most material issue in the case,—the very heart of it,— that version of his testimony must be adopted which is most favorable to his adversary; and such a party will not be permitted to overcome his own adverse testimony merely by offering witnesses who swear differently." *Meinhard-Ferst-Doyle Co. v. DeLoach*, 19 Ga. App.

323, 327 (91 SE 446). "A person testifying in his own behalf is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him," he is not entitled to prevail, even under the power of the jury to accept his testimony, unless "by his evidence he establishes a cause of action, or a defense, as the case may be, and from no view of his testimony would a finding against him be warranted." *Southern Bank v. Goette*, 108 Ga. 796 (1, 2) (33 SE 974). Accord, *Long Cigar &c. Co. v. Harvey*, 33 Ga. App. 236, 237 (125 SE 870).

"In an action for the purchase price of property sold and delivered, where the plea is that the consideration has totally failed, in that the property was worthless, a general verdict in the defendant's favor is not authorized by evidence that the property is worthless in its present condition, where the undisputed evidence further shows that by a small expenditure it could be repaired and made to perform good work." *Colt Co. v. Armstead*, 36 Ga. App. 64 (135 SE 317).

Since the replacement cost of the thermostats on curers costing $1,328.80 amounted to only $30, or approximately that, and the replacements put the curers in good working condition, the breach of warranty amounting to a failure of consideration never amounted to more than the cost of the replacements. This was accomplished some six months prior to the institution of the foreclosure action, at the request of the purchaser and by the seller, presumably at his own expense. Conceding, therefore, that there was a breach of the warranty of merchantability up to the time both of the thermostats were replaced, it must follow that the breach was relieved by the replacement and did not exist at the time of the institution of the foreclosure. Consequently, there was no evidence to support any recovery by Wilson upon his plea of recoupment.

■ There are several assignments of error upon portions of the charge, but since a new trial must result for the reason stated above it is not likely that the errors complained of will occur again, and we forego any ruling on them.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*