45848.   AUSTIN LEE CORPORATION v.
CASCADES MOTEL, INC.

Submitted January 7, 1971—Decided April 9, 1971.

*Culpepper & Culpepper, George B. Culpepper, Jr.,* for appellant.
*Robert E. Lanyon,* for appellee.

QUILLIAN, Judge. 1. The appellant contends that the evidence did not support the verdict because the president of the appellee was informed that the spreads were the dry-clean type. Further, the appellant argues that the appellee's president was sent two spreads for the purpose of allowing him to make any kind of tests or examinations he desired. The appellant argues that *Code Ann.* § 109A-2—316 (3, b) (Ga. L. 1962, pp. 156, 190) provides that where the buyer either examined or refused to examine the goods there is no implied warranty as to defects which on examination ought in the circumstances to have become revealed to him. However, Official Comment 8 to Section 2-316 (3, b), Uniform Commercial Code, 1 ULA 237, which section is identical to the above quoted language, states: "In order to bring the transaction within the scope of 'refused to examine' in paragraph (b), it is not suffi-

cient that the goods are available for inspection. There must in addition be a demand by the seller that the buyer examine the goods fully. The seller by the demand puts the buyer on notice that he is assuming the risk of defects which the examination ought to reveal. The language 'refused to examine' in this paragraph is intended to make clear the necessity for such demand."

The appellant's contention is without merit.

2. The fourth enumeration of error complains that the trial judge erred in admitting in evidence a picture of the plaintiff's motel and allowing evidence as to the type motel owned by the plaintiff. The objection of defendant's counsel was waived when he questioned the witness on cross examination, "Is that a Quality Court?" and the witness answered, "Yes, it is." *Lumbermen's Underwriting Alliance v. First Nat. Bank &c. Co.*, 100 Ga. App. 217, 222 (110 SE2d 782); *Rabun v. Wynn*, 209 Ga. 80 (7) (70 SE2d 745).

3. Counsel for the appellant contends that it was error to allow a witness for the plaintiff to read from a letter regarding certain laboratory tests. However, an expert witness testified in substance to the facts which were stated in the letter. The admission of the evidence objected to, if error, was harmless. *Saint v. Ryan*, 114 Ga. App. 489 (1) (151 SE2d 826).

4. The seventh and ninth enumerations of error complain that the trial judge erred in allowing evidence as to the cost of spreads to replace the defective ones. Under *Code Ann.* § 109A-2—712 (Ga. L. 1962, pp. 156, 229), *Code Ann.* § 109A-2—714 (Ga. L. 1962, pp. 156, 230), and *Code Ann.* § 109A-2—715 (Ga. L. 1962, pp. 156, 231), this evidence was admissible to prove cover.

5. The appellant contends the trial judge erred in failing to allow the president of the defendant corporation to testify as to the competency and ability of the weavers from whom the bedspreads were purchased. While the witness testified that he had 25 years experience in the making of bedspreads with the defendant corporation and its predecessor, there was no evidence that he was an expert in weaving and dyeing of the materials.

"'Whether a witness has such learning and experience in a particular art, science, or profession as to entitle him to be designated as an expert, or to be deemed prima facie an expert, is a

matter addressed to the sound discretion of the trial court, and such discretion will not be disturbed unless it is manifestly abused. See *Clary v. State,* 8 Ga. App. 92 (2) (68 SE 615); *Whatley v. Henry,* 65 Ga. App. 668, 681 (16 SE2d 214); *Hinesley v. Anderson,* 75 Ga. App. 394, 398 (43 SE2d 736), and citations.' *Carroll v. Hayes,* 98 Ga. App. 450, 452 (105 SE2d 755)." *Rouse v. Fussell,* 106 Ga. App. 259, 262 (126 SE2d 830).

The court's ruling was not error.

6. The 14th enumeration of error complains of a charge of the court. There being no objection by the appellant as required by *Code Ann.* § 70-207 (a) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078), this enumeration of error is not considered by this court.

7. The remaining enumerations of error are either without merit or were abandoned.

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*