## 46849.   SOUTHERN CONCRETE PRODUCTS COMPANY v. MARTIN.

Argued January 10, 1972—Decided June 19, 1972.

*Wilkinson & Nance, E. T. Nance, Jr.,* for appellant.

QUILLIAN, Judge. ■ *Code Ann.* § 109A-2—714 (Ga. L. 1962, pp. 156, 230) provides: "Where the buyer has accepted goods and given notification (subsection (3) of 109A-2—607) he may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable." It further provides that the measure of damages for breach of warranty is the difference between the value of goods accepted and the value they would have had if they had been as warranted unless special circumstances showed proximate damages of a different amount. *Code Ann.* § 109A-2—717 (Ga. L. 1962, pp. 156, 231) provides that: "The buyer on notifying the seller of his intention to do so may deduct all or any part of the damages resulting from any breach of the contract from any part of the price still due under the same contract." The notice under *Code Ann.* § 109A-2—607 (Ga. L. 1962, pp. 156, 215), or under *Code Ann.* § 109A-2—717, requires no formality and is adequate if it merely informs the seller that the transaction is claimed to involve a breach and thus opens the way for normal settlement through negotiation. See *Warren's Kiddie Shop v. Casual Slacks,* 120 Ga. App 578 (2) (171 SE2d 643). *Code Ann.* § 109A-2—714 (2) describes the usual standard and method of ascertaining damages in the case of breach of warranty but it is not intended as an exclusive measure. ULA, UCC, § 2-714 Official Comment, (3). The expense of making repairs is recoverable as consequential damages under *Code Ann.* § 109A-2—715 (Ga. L. 1962, pp. 156, 231). For a collection of cases holding that the cost of repairs and expenses for repairing defects and goods supplied by a seller is a proper measure of damages, see Anderson, Uniform Commercial Code, § 2-715:29. See in this connection *Davis-Pickett Chevrolet v. Collier,* 106 Ga. App. 660, 662 (127 SE2d 923); *Taylor v. Wilson,* 109 Ga. App. 658, 660 (137 SE2d 353).

In this case there was evidence that the defendant in-

formed agents of the plaintiff that certain bricks which were furnished to him were defective; that defendant was informed that the plaintiff would either correct or repair the defective material in order that it would conform to the contractual agreement. In such circumstances the cost involved in eliminating the defects would be a proper measure of damages. The defendant, testifying as an expert, stated that he could remedy the defects at a cost of $900. Thus, there was evidence to support his counterclaim. The defendant also testified with regard to the plaintiff's claim against him that he did not receive certain of the materials which were billed to him; that of the total amount of $647.07 that he only received materials amounting to $117.27. Since the plaintiff had introduced the invoices and business records showing an amount owed of $647.07, there was a conflict of evidence as to the amount the defendant actually owed the plaintiff. This being true, the verdict was supported by some evidence and was not contrary to law.

■ Plaintiff contends the court erred in failing to charge the jury on the proper measure of damages on breach of contract. On the trial of the case, counsel for the plaintiff replied in the negative to the trial judge's question as to whether he had any objection to the charge. *Code Ann.* § 70-207 (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078) requires a timely objection to the charge in order for this court to pass on any alleged errors in that regard except where there has been a substantial error in the charge which was harmful as a matter of law.

Certainly a charge which contained no reference to a measure of damages would constitute reversible error. *Globe Motors v. Noonan,* 106 Ga. App. 486, 489 (127 SE2d 320). However, counsel for the plaintiff in the brief to this court insists that the trial judge should have charged *Code Ann.* § 109A-2—714. There was no request made to charge this provision. Here the defendant by pleading in his counterclaim and by evidence offered at the trial showed a proper measure of damages on which to base his recovery. The trial judge instructed the jury that they could find for

the defendant in an amount based on what the pleadings and evidence showed. While it did not amount to a complete instruction on the measure of damages, under the circumstances of this case, it would not be such harmful error as to require a reversal in the absence of a timely objection made to the charge. It has been held: "'Though the true measure of damages may not have been given in charge, no new trial is required if the verdict does not exceed the amount of damages which should have been found had the charge been correct.'" *Roberts v. McClellan,* 80 Ga. App. 199, 208 (55 SE2d 736). See *Rome &c. Const. Co. v. Jennings,* 85 Ga. 444 (a) (11 SE 839). See also *Furr v. Eddleman,* 80 Ga. 660 (2) (7 SE 167); *Mayor &c. of Griffin v. Johnson,* 84 Ga. 279 (5) (10 SE 719).

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*