## 56848. TRANSART INDUSTRIES, INC. v. GAINES-AMERICAN MOULDING CORPORATION.

McMURRAY, Judge.

Transart Industries, Inc. is a business engaged in the manufacturing of custom made mirrors and headboards for sale to hotel and motel establishments. Gaines-American Moulding Corp., trading as Colonial Moulding & Frame Co., Inc., is the manufacturer of moulding. Transart contacted Colonial with reference to its need to purchase certain pressed aluminum moulding as a component part of its manufacturing endeavor. Transart contends Colonial provided it with a sample of pressed aluminum moulding referred to as "S-191" which it presented to its customer and in reliance upon the quality of this sample an order was placed for considerable moulding of this type. Subsequently, after some of the moulding was delivered, some of the moulding was cut and prepared for installation in a hotel under contract. Transart contends certain streaks and shimmers in the moulding became apparent, that same were not present in the sample previously delivered to it and approved and in general same did not conform to the sample previously supplied. It contends further that upon immediate discovery of the non-conformity Colonial was informed of the quality problem which Transart was unable to correct by attempts to "buff out" the streaks and shimmers. Transart contends it was then forced to seek substitute goods at an additional cost to it, and as a result of the damage incurred by it by reason of the alleged non-conforming moulding it refused to pay the purchase price for the moulding.

Colonial sued Transart on account as more fully shown on the bill of particulars annexed to its complaint, adding also a count in which it sued William L. Crolley with reference to a personal guaranty (his "personal guarantee") by him as the president of the defendant corporation.

By separate answers the defendants generally denied the averments of the complaint. The alleged guarantor contends he was not subject to the jurisdiction of the court or that his letter constituted an agreement of

guaranty. Defendant Transart contended there was a breach of warranty in the representation that the goods to be delivered would be satisfactory and proper and reasonably suited for the purposes intended by the defendant; there was a failure of consideration, total or partial; and by counterclaim it sought damages it had incurred by reason of the failure of plaintiff's warranty and representation that the moulding would be satisfactory, proper and reasonably suited for the purposes intended.

After a hearing defendant Crolley was dismissed based on jurisdiction and improper joinder. The case proceeded to trial against Transart before the court without the intervention of a jury. Judgment was returned against defendant Transart as to the account stated, the trial court finding as a matter of fact that the moulding was shipped and delivered to defendant and no payment had been made. The trial court found that the only question it had for determination was whether or not the moulding in question "was merchantable" and then determined that the moulding of plaintiff was of "merchantable quality." Defendant appeals. *Held:*

1. An express warranty is created by the seller when the seller makes "[a]ny affirmation of fact or promise...to the buyer which relates to the goods and becomes part of the basis of the bargain . . .," that is, "an express warranty that the goods shall conform to the affirmation or promise." Code Ann. § 109A-2—313 (1) (a) (Ga. L. 1962, pp. 156, 188). As provided in sub-section (1) (c), "[a]ny sample...which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample..."

2. "Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is, unless excluded or modified under the next section [109A-2—316 (Ga.L. 1962, pp. 156, 190; 1971, pp. 457, 458)], an implied warranty that the goods shall be fit for such purpose." Code Ann. § 109A-2—315 (Ga. L. 1962, pp. 156, 190).

3. The actual sample was never produced for

comparison to the alleged faulty moulding, although the replacement moulding was produced for comparison to the moulding purchased. The evidence was in conflict whether there was in actuality a sample which defendant contends was produced and shown and approved by the prospective purchaser upon manufacture by it, as well as the designer. Nevertheless, there was evidence present for consideration by the trial court, as trier of fact, as to whether or not plaintiff breached an express warranty under the Uniform Commercial Code or breached an implied warranty of fitness for a particular purpose also under the Uniform Commercial Code. This evidence and the issue as to the existence of express or implied warranties should have been considered by the court. The trial court also erred in holding as a matter of law that it need only find that the moulding was of "merchantable quality" in order for the defendant to be liable for the full purchase price of the moulding based on the evidence presented.

4. Since the case must be returned for new trial no ruling is made here on whether or not the trial court erred in excluding and failing to consider defendant's defense of total or partial failure of consideration, inasmuch as the question will again have to be decided as to whether or not the warranties were breached in whole or in part if in fact they existed. See *Warren's Kiddie Shoppe, Inc. v. Casual Slacks, Inc.,* 120 Ga. App. 578 (171 SE2d 643).

5. Whether or not the trial court should have considered defendant's counterclaim for damages also remains for determination after the trial court makes a decision as to the alleged expressed and implied warranties and/or defense of total or partial failure of consideration herein. See *Southern Concrete Products Co. v. Martin,* 126 Ga. App. 534 (1) (191 SE2d 314); *Austin Lee Corp. v. Cascades Motel, Inc.,* 123 Ga. App. 642, 644 (4) (182 SE2d 173).

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

ARGUED NOVEMBER 6, 1978 — DECIDED DECEMBER 5, 1978.

*Van Gerpen, Bovis, Kyle & Burch, John M. Bovis, C. Sammy Thomas*, for appellant.
*Cotton, Katz, White & Palmer, James C. Cifelli*, for appellee.