### 4549. BARBER & SONS *v.* SINGLETARY *et al.*

1. An express warranty excludes an implied warranty on the same or a closely related subject, but not an implied warranty on an entirely different subject. Consequently, in this case, the express warranty being confined to the age and soundness of a mule for which the note sued on was given, and there being a plea that the mule was purchased for a plow mule and was worthless as such, and the plea being supported by evidence to the effect that the mule would not plow, it was not error for the trial judge to charge the jury that the defendants had the right to rely upon either an express warranty or an implied warranty.

2. The fact that the maker of the note offered to return the mule and to pay $30 for the hire thereof, this offer being declined by the seller, did not require a finding in favor of the plaintiff for $30 or any other sum. So far as appears from the record, the proposal was an offer of compromise, and could properly have been excluded from the testimony.

3. The evidence authorized the verdict.

DECIDED AUGUST 12, 1913.

Complaint; from city court of Cairo—Judge Singletary. October 17, 1912.

*M. L. Ledford,* for plaintiffs.

*R. C. Bell, Ira Carlisle, J. S. Weathers,* for defendants.

RUSSELL, J. 1. Barber & Sons sued O. H. Singletary and Berry Singletary upon a promissory note which recited that it was given for purchase-money of a certain mule. The note also created a mortgage lien upon the mule. The mortgage had been foreclosed, and the suit proceeded for the balance due upon the note after the proceeds of the mortgage sale had been credited upon it. The jury returned a verdict in favor of the defendants. Barber & Sons made a motion for a new trial, and they except to the judgment refusing it. There are two assignments of error. It is insisted that the court erred in instructing the jury as follows: "I charge you that the defendants plead a failure of consideration, and they have the right to rely upon either an express warranty or an implied warranty, and if they have shown that there has been an express warranty or an implied warranty, and that the consideration has failed, and that they have carried the burden in whole or in part,

and that they have produced a preponderance of the evidence, then you will find in favor of the defendants the amount they have shown the consideration to have failed, whether in part or in all." The point is made that since an express warranty will exclude an implied warranty, and since the note contained warranties as to the title and the absence of outstanding liens, as well as a warranty in reference to the age of the mule, the court erred in telling the jury that they might consider the breach of any warranties which might be implied. It is true, of course, as was held in *DeLoach Mill Manufacturing Co.* v. *Tutweiler Coal & Iron Co.,* 2 *Ga. App.* 493 (58 S. E. 790), following the ruling of the Supreme Court in *Johnson* v. *Latimer,* 71 *Ga.* 470, that an express warranty excludes implied warranties upon the same subject; that only in the absence of an express warranty can a breach of an implied warranty be considered. This rule is well settled, not only in this State, but in other jurisdictions. An express warranty as to any particular subject will exclude any warranty by implication upon the same subject. But an express warranty on one subject does not exclude an implied warranty on an entirely different subject. For instance, an express warranty of title will not exclude an implied warranty of soundness, or an implied warranty of merchantability, or an implied warranty of such training and strength as will enable a mule, which has been purchased for the particular purpose of farm work, to do such work. An express warranty of quality will not exclude an implied warranty of title, nor will an express warranty that the article shall be in good order exclude an implied warranty of fitness for the purpose intended. When a known, described, and definite article is ordered of a manufacturer, even though it be stated that it is required for a particular purpose, yet if the known, described, and definite thing, of the kind and quality called for by the order, is actually supplied, there is no implied warranty that it will answer the particular purpose intended by the buyer. *Crankshaw* v. *Schweizer Mfg. Co.,* 1 *Ga. App.* 364 (12), 373 (58 S. E. 222) ; *DeLoach Mill Co.* v. *Tutweiler Iron Co.,* 2 *Ga. App.* 493 (58 S. E. 790) ; *Fay & Eagan Co.* v. *Dudley,* 129 *Ga.* 314 (58 S. E. 826) ; 31 Cyc. 392. As a general rule, where personal property is sold under an express warranty as to quality, there is no implied warranty. *Brooks Lumber Co.* v. *Case Threshing Machine Co.,* 136 *Ga.* 754 (72 S. E. 40) ; *Malsby* v. *Young,*

104 *Ga.* 205 (30 S. E. 854); *Elgin Jewelry Co.* v. *Estes,* 122 *Ga.* 809 (50 S. E. 939); *Moultrie Repair Co.* v. *Hill,* 120 *Ga.* 730 (48 S. E. 143). All of these cases, however, are cases in which it was sought to vary an express contract of warranty, by the addition or substitution of implied warranties contradictory to or variant from the terms of the express contract of warranty. They fall under the general rule that an express warranty in the sale of goods excludes all implied warranties on the same subject. It is equally well settled that when a warranty of suitableness can be implied as to a subject not touched or covered by the express warranty, the breach of this implied warranty may be used as a defense. As was well stated by Judge Powell in *Hawley Down Draft Furnace Co.* v. *VanWinkle Gin & Machinery Co.,* 4 *Ga. App.* 85 (60 S. E. 1008), "While in the contract of sale there can be no coexistence of express and implied warranties on the same subject, since the one, ipso facto, excludes the other, still this exclusion does not necessarily extend to every feature of the contract." See, also, *Stimson Computing Scale Co.* v. *Taylor,* 4 *Ga. App.* 567 (61 S. E. 1131); *City of Moultrie* v. *Schofield,* 6 *Ga. App.* 464 (65 S. E. 315). In the case last cited the rule is stated that if an order be given for a specific article, and if the defined and described article be afterward supplied, there is no implied warranty that it will answer the purpose for which it was intended by the buyer. In the case now before us the sellers expressly warranted that the mule was sound and eight years old, and that their title was perfect. It was alleged and proved that a part of the contract, which was not reduced to writing (and which naturally was not included in the instrument executed by the purchasers), was a statement upon the part of the sellers that the mule was a good plow mule. This was a warranty upon an entirely different subject from those included in the instrument, and therefore the judge did not err in permitting the jury to ascertain whether there had been a breach of this warranty, and in charging that the defendant had a right to rely upon the failure of consideration arising from the breach of either the express or the implied warranties, if the jury believed such warranties had been made. Since there was no issue as to the fact that the warranty to the effect that the mule was a good plow mule was made, and the only question was as to whether the mule corresponded with this warranty, the charge of the court could not in any event have harmed the plaintiffs.

2. On the trial of the case one of the defendants admitted that he had offered to pay the plaintiffs $30 for the hire of the mule and to return the mule to them in cancellation of the trade. It is insisted by learned counsel for the plaintiffs that since this testimony was uncontradicted, the admission of liability demanded a verdict in favor of the plaintiffs. We can not concur in this opinion, since it appears from the record that this was a mere offer of compromise, not accepted by the plaintiffs, who proceeded to foreclose their mortgage and themselves bought in the mule at the sale.

3. The evidence of the quality of the mule and its adaptability for plowing was in conflict. There was testimony that it was a good plow mule; there was also testimony that the animal was entirely untrained and abnormally lazy. The jury resolved this issue in favor of the defendants. Since the trial judge approved that solution of the question, it is beyond the power of this court to interfere.      *Judgment affirmed.*