## 5033. KERR GLASS MANUFACTURING COMPANY v. AMERICUS GROCERY COMPANY.

1. The evidence was conflicting, but authorized the verdict.
2. A defendant may in different paragraphs of his answer file contradictory' or inconsistent pleas.
3. The instructions of the trial judge were not subject to the criticism that they permitted the jury to base a verdict upon fraud not pleaded.
4. It was not error to charge that rescission is allowed if the party defrauded moves with "reasonable promptness" after discovering the fraud; nor that restitution of the goods bought need not have been made if they were worthless.
5. Some of the grounds of the motion for a new trial, complaining of rulings on evidence, are incomplete and can not be considered. The others are without merit.
6. Where one orders an article described only by a name importing no particular quality, and the article proves to be unsuited to the use intended and for which it was represented by the seller to be suitable, the purchaser is not bound for the purchase-price, unless at the time of the purchase he had knowledge of the real quality of the article.
7. Looking to the substance and not the form of the defendant's answer, the only defense relied on was that the goods sold were worthless. The defendant's right to rescission depended upon the establishment of this defense. Proof of fraud was not an essential part of the defense, because in the present case, if the goods were in fact worthless, it was immaterial whether or not the purchase was made because of fraudulent misrepresentations. It was not error to refuse to instruct the jury that if they found for the defendant, they should specify in the verdict whether the finding was based upon the plea of rescission, or upon that of failure of consideration.

DECIDED SEPTEMBER 25, 1913. REHEARING DENIED OCTOBER 3, 1913.

Complaint; from city court of Americus—Judge Harper. May 19, 1913.

*R. L. Maynard,* for plaintiff. *Shipp & Sheppard,* for defendant.

POTTLE, J. The suit was upon an open account for the purchase-price of a lot of fruit jars. The account arose under a written contract for the purchase of a large lot of fruit jars described as "economy jars." A portion of the goods were delivered and accepted by the defendant, and the remainder rejected. The suit was for the balance claimed to be due under the contract. The defendant pleaded that it was induced to enter into the contract by the false and fraudulent representations of the plaintiff's agent in reference to the quality of the jars, made to the defendant and to retail merchants from whom the agent secured orders, which were turned over to the defendant to be filled. It was further

pleaded that the jars were worthless and wholly unsuited for the use for which they were intended, to wit, preserving fruit and vegetables; that the defendant had on hand a large quantity of the jars, which it tendered to the plaintiff; and it prayed a recovery of the amount it had paid for the purchase-price. There was no demurrer to the answer, and the trial resulted in a general verdict for the defendant, but in effect finding against its plea of recoupment. The plaintiff's motion for a new trial was overruled.

1. The evidence was conflicting upon the issue raised by the answer, but there was evidence which authorized a finding that the fruit jars were totally worthless and wholly unsuited for preserving fruits and vegetables; that repeated tests of the jars had been made by persons skilled in the business of canning fruits and vegetables, and in some cases all of the products placed in the jars spoiled. On the other hand, witnesses who had used the jars testified that they were suitable for preserving fruit and vegetables and were of the quality which the seller's agent represented them to be. This conflict in the evidence was settled by the jury adversely to the plaintiff's contention, and the approval of the verdict by the trial judge forecloses the question of the sufficiency of the evidence.

2. Complaint is made that the court refused to require the defendant to elect whether it would stand on its plea of failure of consideration, resulting from a breach of the implied warranty of the law, or upon its plea of rescission. It is contended that the plea of failure of consideration is a recognition of the contract, a plea of rescission a repudiation of the contract, and that a defendant can not file these inconsistent defenses. A plaintiff is not permitted in the same action to treat a contract as subsisting and also to repudiate it. *Harden* v. *Lang,* 110 *Ga.* 392, 395 (36 S. E. 100); *Timmerman* v. *Stanley,* 123 *Ga.* 850, 853 (51 S. E. 760, 1 L. R. A. (N. S.) 379). A defendant is, however, permitted to assume inconsistent positions and file inconsistent pleas. If suit is brought on a contract, the defendant may plead that no contract was ever entered into, that if entered into it was procured by fraud and was therefore void, or that it was valid when made and the consideration has partially or totally failed. If such inconsistent pleas are filed, the defendant is entitled to prevail if he sustains any one or more of them. Civil Code (1910), § 5649; *Mendel* v.

33

*Miller,* 134 *Ga.* 610 (68 S. E. 430). The rule just stated is applicable whether the inconsistent pleas be filed in the first instance or be introduced by way of amendment to the original answer.

3. Complaint is also made that the court charged generally upon the subject of fraud, and did not limit the instructions to the fraud pleaded. Upon examining the charge as a whole, we do not think it subject to this criticism. The jury must have understood, from the language used by the trial judge, that they must determine, from the evidence, whether the defendant had been defrauded as alleged in its answer.

4. Complaint is made of several parts of the charge of the court upon the subject of rescission for fraud, to the effect that restitution must be made with reasonable promptness after the discovery of the fraud, unless the thing received is wholly worthless; in which event no offer to return it need be made. The code provides that the defendant "must promptly, upon discovery of the fraud, restore or offer to restore" whatever he has received "if it be of any value." Civil Code, § 4305. The instructions of the judge were in substantial accord with this section of the code, and there was evidence to authorize the charge.

5. Several grounds of the motion complain of the admission of evidence. Some of these are not complete and can not be considered, and the others present no meritorious exception.

6. The court charged the jury as follows: "I charge you that when a known, described, and definite article is ordered of a manufacturer, although it is stated by the purchaser that it is required for a particular purpose, yet if the known, described, and definite thing that is of the kind and quality called for or ordered be actually supplied, there is no warranty that it shall answer the particular purpose intended by the buyer. In other words, if it should appear that the defendant knew the economy jar, and knew its purposes and offices, and gave an order for it, although he may have stated that he wanted to use it for some foreign use, why, if the plaintiff shipped to him the jar that he ordered, with that knowledge on his part, he would not get the benefit of any warranty that it would do anything else beyond what it was ordinarily intended for." It is conceded that this instruction is in the main correct, but it is contended that the court erroneously limited the rule to a "known, described, and definite thing." There was no

error in this instruction when applied to the facts of this case. The defendant ordered "economy jars." This was but the name of a jar which the manufacturer claimed to be superior in quality to other jars. If the defendant had, before the purchase, known of the defects which it now claims to exist, it would not be heard to complain. But the mere fact that a purchaser gets the brand of goods he orders does not necessarily preclude him from pleading total failure of consideration, if the goods prove to be worthless and he was in ignorance of this fact at the time of the purchase. If the contract had described the jars and set forth their qualities, and the jars delivered were of the quality and kind thus described, the principle of the decisions relied on by the defendant would be applicable. *City of Moultrie* v. *Schofield's Sons Co.*, 6 *Ga. App.* 464, 469 (65 S. E. 315); *Fay* v. *Dudley*, 129 *Ga.* 314 (58 S. E. 826).

The defendant knew nothing of the quality of "economy jars." The name imported no particular article of a definite kind and quality. The jar exhibited by the agent appeared to be of the quality represented by him when the test which he used was applied, but, according to some of the evidence, they were wholly worthless as fruit jars when put to practical use.

7. The defendant contends that the court, when requested to do so, ought to have instructed the jury to specify the plea upon which the verdict was based. This is the rule where more than one separate and distinct defense is filed. Civil Code, § 5925; *Livingston* v. *Taylor*, 132 *Ga.* 1, 8 (63 S. E. 694). In determining whether there is really more than one defense, regard must be had more to substance than to form. A defendant may file a special defense in many different paragraphs and in varying language, but if all the paragraphs contain substantially the same defense, the statutory rule does not apply. *Crockett* v. *Garrard*, 4 *Ga. App.* 360 (61 S. E. 552). In the present case the defendant had but one defense, viz., that the goods purchased were worthless. Its right to rescission depended on the establishment of this defense. Fraud also was pleaded, but unless the goods were not reasonably suited for the purpose for which they were sold, there was no fraud. The jury did not allow any recovery for the jars accepted and paid for, and the verdict merely relieved the defendant from taking and paying for goods not delivered. Only partial rescission

was allowed, and the only theory upon which the verdict could have been founded was that the jars were not suited to the uses intended. If this was true, it is immaterial whether there were fraudulent misrepresentations or whether the seller honestly believed the goods were as represented. No material error is disclosed in any of the grounds of the motion for a new trial.

*Judgment affirmed.*