13436. MAYOR AND ALDERMEN OF SAVANNAH v. UNITED STATES FUEL CORPORATION.

BELL, J.   1. The express warranty of one thing in connection with a sale of goods does not exclude the implied warranties imposed by the law, unless they are expressly excluded or there is an inconsistency between the warranty specifically made by the seller and the implied warranty claimed by the buyer, or the former is of such a character as to exclude the latter.   John A. Roebling's Sons Co. v. Southern Power Co., 142 Ga. 464 (1), 470 (83 S. E. 138, L. R. A. 1915B, 900).

2. While, in a contract for the sale of goods, words descriptive of the subject-matter are ordinarily to be treated as an express warranty, a warranty of this character will not, unless inconsistent therewith, exclude the implied warranty of the law, that the thing sold is possessed of no latent defects rendering it inferior as to the quality or unsuited as to the purposes common to the articles of the class described.   But in such a case there is no implied warranty that the thing sold will be

suited to the purposes of the buyer. *Henderson Elevator Co.* v. *North Georgia Milling Co.*, 126 *Ga.* 279 (55 S. E. 50); *Roebling's Sons Co.* v. *Southern Power Co.*, supra; *Crankshaw* v. *Schweizer Manufacturing Co.*, 1 *Ga. App.* 363 (11), (12) (58 S. E. 222); *City of Moultrie* v. *Schofield's Sons Co.*, 6 *Ga. App.* 464 (2) (65 S. E. 315).

3. Accordingly, in a suit by the seller against the buyer for the alleged breach of a contract for the sale and purchase of "Blue Gem R. O. M. [run of mine] coal," the court committed no error in excluding the defense of the buyer that the coal was not suited to the buyer's purposes.

(*a*) There was no evidence that tended to show a breach of the implied warranty merely that the coal was good as "Blue Gem R. O. M. coal," nor was any such pleaded.

(*b*) But if the defense had been otherwise sufficient, it related here only to that portion of the coal which had been delivered under the contract, and which the defendant had accepted and used, and tended in no degree to establish anything as to the quality, as "Blue Gem R. O. M.," of the portions of the coal which it later refused to accept, and for the refusal of which the action was brought. "If a vendee has accepted a portion of a quantity of goods contracted for, and they prove inferior to those stipulated for, he can not for this reason refuse to accept the residue; but *if the residue prove inferior* [italics ours], he may refuse to accept them." *Henderson Elevator Co.* v. *North Georgia Milling Co.*, supra.

4. In view of the equivocal character of the writings in the nature of letters by the plaintiff upon which the defendant relied in part to testablish (*a*) a mutual rescission of the contract and (*b*) a breach of the contract in two or more particulars by the plaintiff, and in view of the oral evidence in connection therewith of the plaintiff's representative, as to telephone conversations with the defendant's representative in regard to the same subject-matter, a finding was not demanded in favor of the defendant upon either of these issues; and, there being some evidence to support the verdict in favor of the plaintiff, which the trial judge has approved, and no error of law having been committed during the progress of the trial, the judgment of the trial court overruling the motion for a new trial is affirmed. See, in this connection, on rescission by consent, *Central of Georgia Ry. Co.* v. *Gortatowsky*, 123 *Ga.* 366 (5) (51 S. E. 469); *Phosphate Mining Co.* v. *Atlanta Oil &c. Co.*, 20 *Ga. App.* 660 (8) (93 S. E. 532).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 14, 1923.

Action on contract; from city court of Savannah — Judge Freeman. February 3, 1922.

*Shelby Myrick, Edwin A. Cohen,* for plaintiff in error.

*McIntire, Walsh & Bernstein,* contra.