14130. CLEMONS *v.* FARMERS HARDWARE COMPANY.

JENKINS, P. J. 1. "When a known, described, and definite article is ordered of a manufacturer, although it be stated by the purchaser that it is required for a particular purpose, yet if the known, described, and definite thing, which is of the kind and quality called for by the order, be actually supplied, there is no warranty that it shall answer the particular purpose intended by the buyer." *Fay & Egan Co.* v. *Dudley,* 129 *Ga.* 314 (1) (58 S. E. 826); *Crankshaw* v. *Schweizer Mfg. Co.,* 1 *Ga. App.* 363, 364 (12) (58 S. E. 222); *DeLoach &c. Co.* v. *Tutweiler Co.,* 2 *Ga. App.* 493 (58 S. E. 790); *Hawley Furnace Co.* v. *Van Winkle Gin Works,* 4 *Ga. App.* 85 (60 S. E. 1008); *Fain* v. *Ennis,* 4 *Ga. App.* 716 (62 S. E. 466); *City of Moultrie* v. *Schofield's Sons Co.,* 6 *Ga. App.* 464 (2) (65 S. E. 315); *Barber* v. *Singletary,* 13 *Ga. App.* 171 (1) (78 S. E. 1100); *Williams Mfg. Co.* v. *Schofield's Sons Co.,* 21 *Ga. App.* 23, 27 (93 S. E. 527). In *Roebling's Sons Co.* v. *Southern Power Co.,* 142 *Ga.* 464, 476 (142 S. E. 464), the ruling quoted from in the *Fay* case was explained as not "excluding the right on the part of the buyer to claim that the machine actually furnished was not properly constructed, or would not do the work of a machine of that character," but it was said that, since the contract covered the subject-matter of the particular warranty sought to be set up, it excluded an implied warranty that the machine would answer the par-

ticular purpose "intended by the buyer." See also *Kerr Glass Mfg. Co.* v. *Americus Grocery Co.*, 13 *Ga. App.* 512, 514 (6) (79 S. E. 381). Where, however, a buyer, acting solely on his own knowledge and judgment as to the worth, fitness, and suitability of a particular article, procures a dealer, who knows nothing of its fitness, to order it for him; and the particular article thus ordered is furnished by the dealer and accepted by the buyer, who retains it, without protest, until after the dealer has paid for it, the buyer, in a suit by the dealer for the purchase-price of the article thus ordered and furnished, can not be heard to defend by showing that the machine would not do the work for which it was designed. This is true for the reason that in such a case the only implied warranty on the part of the dealer is that he shall furnish the particular article which he has been thus specially engaged to procure.

2. Where, in response to a suit on account by a dealer for an article furnished, the defendant denies liability, and pleads a total failure of consideration, by reason of the machine being wholly unsuited to the uses for which it was designed, the plaintiff is entitled to amend his suit by showing that the particular machine was not sold under an express or implied warranty, but that, having no knowledge whatever of the machine, he as a dealer ordered and furnished it at the special request of the buyer, who acted solely on his own knowledge and judgment as to its fitness as a machine of that character. Such an amendment does not convert the suit into an action by an agent for services rendered his principal, but it remained a suit for goods sold, the only effect of the amendment being to remove the warranty which is generally implied that the article furnished would be reasonably suited to the use intended.

3. The basis of the action under the petition as amended being in no wise founded upon the assumption that the goods furnished were reasonably suited to the use intended, but being based upon the theory that the defendant had himself assumed all responsibility as to the reasonable fitness of the article purchased through the plaintiff, and that the plaintiff was consequently relieved of any such warranty on his part, the defendant did not concede a prima facie case by admitting the receipt of the goods at the price sued for, since his plea setting up a breach of warranty and failure of consideration in effect disputed the gravamen of the plaintiff's case.

4. The charge of the court was in substantial compliance with the rule indicated in the first division of the syllabus; and the evidence, while in dispute upon the issue raised by the amendment, authorized the verdict rendered in the plaintiff's favor.

> *Judgment affirmed. Stephens and Bell, JJ., concur.*
> Decided May 21, 1923.

Complaint; from city court of Madison — Judge Lambert. November 16, 1922.

*T. H. Burruss,* for plaintiff in error.

*Anderson & Wood,* contra.