15388. PERRYMAN *v.* WOODS, for use, etc.

The testimony as to a conversation in regard to a settlement of the dispute between the buyer and the seller of the mules for which the note sued upon had been given was properly admitted in behalf of the plaintiff, who alleged, and introduced testimony to show, that a settlement of the matter in issue was effected.

It was not error to charge upon the subject of an implied warranty in the sale, there being no express warranty except as to soundness and eye-sight, and there being a plea, supported by evidence, that one of the mules, which the defendant purchased for use in farming, was worthless for that purpose.

DECIDED JUNE 10, 1924.

Complaint; from Randolph superior court—Judge Edwards presiding. January 22, 1924.

*H. A. Wilkinson,* for plaintiff in error.

*R. A. Patterson, J. E. McDonald,* contra.

26

BROYLES, C. J. 1. Liability on the purchase-money note sued upon was denied on the ground that one of the mules for which the note was given was not sound, as expressly warranted therein. The evidence being in conflict as to whether the mule was unsound at the time of the trade, and there being also evidence, introduced in support of the amended petition, that even though the mule was unsound at that time, a new and subsequent agreement was entered into and finally consummated between the seller and the buyer, whereby their differences were settled, the court did not err in admitting in evidence, over the objection of the defendant's counsel, a conversation between the holder of the note and the defendant in regard to adjusting or settling the dispute between the seller and the purchaser of the mule.

2. An express warranty excludes an implied warranty on the same or a closely related subject, but not an implied warranty on an entirely different subject. Consequently, in this case, the express warranty being confined to the eyesight and soundness of the mules for which the note sued upon was given, and there being a plea that one of the mules was purchased for a farm animal and was worthless as such, and the plea being supported by evidence, it was not error for the trial judge to charge the jury upon the subject of an implied warranty. *Barber* v. *Singlelary,* 13 *Ga. App.* 171(1) (78 S. E. 1100).

3. In the light of the charge as a whole and the facts of the case, the excerpts from the charge of the court, excepted to, do not require a reversal of the judgment below for any reason assigned.

4. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

   *Judgment affirmed. Luke and Bloodworth, JJ., concur.*