## 15381.  ALLEN v. FLOYD.

PER CURIAM.  1.  A provision in a contract for the sale of manure to be used as a fertilizer, that the seller is to deliver to the purchaser the best grade of manure that the seller can obtain "from the government corrals, as nearly free from foreign matter and moisture as possible," obligates the seller only to furnish a manure as nearly free from foreign matter and moisture as it is possible to obtain from the government corrals, but such a contract was not complied with by furnishing a substance wholly worthless as manure because it consisted only of "mud and water and other foreign matter" and was not of "such a nature as to increase agricultural yield."  The contract, in describing the substance sold as "manure," warranted that it should be such substance as would answer that description.  If the commodity furnished did not comply with this warranty, the purchaser was not required to accept and pay for it, though it may have been as nearly free from foreign matter and moisture as it was possible to obtain from the government corrals.  *Mayor &c. of Savannah* v. *U. S. Fuel Corporation*, 29 *Ga. App.* 573 (2) (116 S. E. 218), and cases cited.

2.  Applying the foregoing ruling, the plea set forth a good defense, the evidence objected to was admissible to prove the same, and the verdict rendered for the defendant was authorized.

3.  The plaintiff was not bound to furnish manure as free from moisture and other foreign matter as it was possible to obtain anywhere, as might possibly have been implied from an instruction that, if the jury believed that "on account of moisture and other foreign matter, it [the commodity tendered] was not the best grade of manure," the plaintiff could not recover; but it is unnecessary to determine whether the charge was susceptible of such construction or not, since the exception thereto is confined to the complaint that it was error because all warranties were excluded except that the commodity would be furnished from the government corrals and be as nearly free from moisture and other foreign matter as any to be obtained from that source, which exception, under the ruling of paragraph 1 above, is without merit. Other exceptions to the charge of the court are controlled by the same ruling.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur. Stephens, J., concurs specially.*

DECIDED FEBRUARY 28, 1925.

Action for breach of contract; from Hart superior court—Judge W. L. Hodges.  January 11, 1924.

*Z. B. Rogers,* for plaintiff.

*A. S. Richardson,* for defendant.