### 16302.   COLT COMPANY *v.* BRIDGES.

The plea of total failure of consideration, based on failure of implied warranty as to suitableness of the acetylene generator bought by the defendant for the purpose of lighting his home, in that it furnished "no light whatever," was not precluded by express warranty or description, or other provisions, in the written contract of sale; and the court did not err in overruling the plaintiff's demurrer, in which it was contended that the effect of the plea was to vary the terms of the contract.

DECIDED OCTOBER 6, 1925.

Complaint; from Randolph superior court—Judge Yeomans. January 31, 1925.

Certiorari was granted by the Supreme Court.

*B. W. Fortson, H. A. Wilkinson,* for plaintiff.

*Charles W. Worrill,* for defendant.

LUKE, J. The plaintiff sued for the purchase price of "1 Colt Generator, Model N, carbide capacity 50 lbs.," with designated accessories, bought under a written contract containing the following warranty clause: "It is agreed that in accepting this order the company warrants the apparatus furnished to be a thoroughly durable galvanized steel acetylene generator, automatic in action, and of good material and workmanship, and that it is on the permitted list of the National Board of Fire Underwriters." The contract further stipulated that the generator and appliances were bought f. o. b. factory at Newark, N. J., that the instrument covered all the agreements between the parties, and that it "could not be altered or modified by any agent of the company, or in any manner, except by agreement in writing between the purchaser and the company acting by one of its officers." The defendant's plea was total failure of consideration, based on the failure of the implied warranty of the law as to suitableness, in that the plant bought for the purpose of lighting his home furnished "no light whatever."

1. Neither the description of the articles sold, nor the express warranty contained in the contract, nor the contract as a whole, precluded the plea; in short, the contract was not varied, and the judgment overruling the demurrer to the plea was not error. *Hawley Furnace Co.* v. *Van Winkle Gin Works*, 4 *Ga. App.* 85 (60 S. E. 1008); *John A. Roebling's Sons Co.* v. *Southern Power Co.*, 142 *Ga.* 464 (83 S. E. 138, L. R. A. 1915B, 900); *Barber* v. *Singletary*, 13 *Ga. App.* 171 (78 S. E. 1100).

2. There was evidence to support the verdict for defendant, and the charge of the court, in the absence of any request for more specific instructions, though not as full and lucid as it might have been, will not work a reversal for any reason assigned. *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*