*E. E. Cox* and *R. L. Cox,* contra.

---

## COLT COMPANY *v.* BRIDGES.

1. The seller in all cases (unless expressly or from the nature of the transaction excepted) warrants that the article sold is merchantable and reasonably suited to the use intended.

2. An express warranty may or may not exclude the implied warranty which the law attaches to all contracts of sale, the exclusion of this implied warranty being dependent upon the scope and terms of the express warranty.

3. Where the manufacturer of an acetylene generator expressly warrants that it is a thoroughly durable galvanized steel acetylene generator, automatic in action and of good material and workmanship, this express warranty does not exclude the implied warranty that the generator is merchantable and reasonably suited for generating light, that being the use for which the machine was made and intended by the seller, and for which it was bought by the buyer.

4. Express warranties as to make, quality, durability, action, material, and workmanship are not usually so general in relation to the subject-matter of the sale as to exclude the implied warranty that the article sold is merchantable and reasonably suited to the use for which it was designed and intended.

5. Where a purchaser buys a known, described, and definite machine from the manufacturer thereof, which is manufactured for a particular purpose, and this machine is actually supplied to the buyer, there is no implied warranty that the machine will answer some other purpose

---

Evidence, 22 C. J. p. 1075, n. 51.

Sales, 35 Cyc. p. 366, n. 81 New; p. 392, n. 75, 76; p. 399, n. 37; p. 401, n. 40; p. 402, n. 45; p. 403, n. 46; p. 408, n. 77, 80.

intended by the buyer; but unless it is expressly, or from the nature of the transaction, excepted, there is an implied warranty that the machine, made by the manufacturer for a given purpose and purchased by the buyer for such purpose, is reasonably suited for the use intended by the manufacturer.

6. Where a written contract of sale stipulates that it covers all the agreements between the purchaser and seller, and that it can not be altered or modified in any manner except by agreement in writing between the purchaser and the selling company by one of its officers, such stipulation does not prevent the purchaser from setting up the implied warranty of the law, upon the ground that this would be adding to the written contract by parol an additional agreement in violation of such stipulation, such implied warranty not springing from any agreement of the parties, but arising from the law.

No. 5141. April 16, 1926.

Certiorari; from Court of Appeals. 34 *Ga. App.* 422.

*B. W. Fortson,* for plaintiff. *C. W. Worrill,* for defendant.

HINES, J. This is a certiorari brought to review the decision of the Court of Appeals in *Colt Co.* v. *Bridges,* 34 *Ga. App.* 422 (129 S. E. 904). The facts and the rulings made by the Court of Appeals will appear in its opinion in the case. The question for our decision is, whether the purchaser could rely upon the implied warranty that the machine purchased by him from this company was reasonably suited to the use intended, and could set up the breach of this implied warranty, to show total failure of consideration under the terms of the written contract of sale? The seller in all cases (unless expressly or from the nature of the transaction excepted) warrants that the article sold is merchantable and reasonably suited to the use intended. Civil Code, § 4135. The written contract of purchase provides that "This instrument . . covers all the agreements between the purchaser and the company," and that the contract can not be "altered or modified by any agent of the company, or in any manner, except by agreement in writing between the purchaser and the company acting by one of its officers." Is the implied warranty which arises in all cases of sales, expressly or from the nature of the transaction, excepted in this case? There is an express warranty by the seller that the apparatus furnished is "a thoroughly durable Galvanized Steel Acetylene Generator, automatic in action, and of good material and workmanship, and that it is on the permitted list of the National Board of Fire Underwriters." Does this express warranty exclude the implied warranty which the law

attaches to all contracts of sale, unless expressly or from the nature of the transaction excepted? The seller insists that it does. An express warranty may or may not exclude the implied warranty. Whether an express warranty excludes an implied warranty depends very largely upon the scope and extent of the express warranty. The express warranty may be so extensive as to exclude the implied warranty of the law. In *Austin* v. *Cox,* 60 *Ga.* 520, a fertilizer was "sold under the inspection and analysis of Dr. A. Means, inspector at Savannah, and the Department of Agriculture at Atlanta." This was an express warranty. *Miller* v. *Moore,* 83 *Ga.* 684 (10 S. E. 360, 6 L. R. A. 374, 20 Am. St. R. 329); *Americus Grocery Co.* v. *Brackett,* 119 *Ga.* 489 (46 S. E. 657); *Henderson Elevator Co.* v. *North Ga. Milling Co.,* 126 *Ga.* 279 (55 S. E. 50). Yet in *Austin* v. *Cox,* supra, this court held that such express warranty did not preclude the maker, when sued upon a note given for the purchase-money of this fertilizer, from setting up the implied warranty and its breach to show total failure of consideration, in that the article was not a fertilizer, had no fertilizing properties and was totally worthless. In *Wilcox* v. *Owens,* 64 *Ga.* 601, guano was "sold and guaranteed under an analysis of Dr. Means," an inspector at Savannah. This court held that such warranty did not by implication exclude the defense that the fertilizer was not reasonably suited for the purpose for which it was bought. In delivering the opinion of the court Judge Jackson said: "It is not pretended that the warranty of the title is excluded by this guaranty; is the other implied warranty excluded? There are no words in this contract that expressly except this warranty which the law also puts in it; and the nature of the transaction does not except it, because the thing sold was known by both parties to be for fertilizing the soil, that was the use intended, and that use and its adaptation to it are of the very essence of the contract." In a written contract of sale of a machine, the writing may express warranties of such character as to exclude the warranty which the statute implies; but if it omits to do so, the law writes into the instrument, as by implication, that the seller warrants that he has a valid title and right to sell, that the article sold is merchantable and reasonably suited to the use intended, and that he knows of no latent defects undisclosed. *Pryor* v. *Ludden & Bates Southern Music House,*

134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267) ; *John A. Roebling's Sons Co.* v. *Southern Power Co.*, 142 *Ga.* 464 (83 S. E. 138, L. R. A. 1915B, 900) ; *Bond* v. *Perrin,* 145 *Ga.* 200 (3) (88 S. E. 954) ; *Barber* v. *Singletary,* 13 *Ga. App.* 171 (78 S. E. 1100). Where the buyer expressly agrees in the written contract of sale that no agreement or warranty other than that specified in the contract shall be binding upon the seller, such an agreement expressly precludes the buyer from setting up the implied warranty which the law would otherwise read into the contract. *Stimpson Computing Scale Co.* v. *Taylor,* 4 *Ga. App.* 567 (61 S. E. 1131).

In the case in hand the express warranty that the apparatus furnished is a thoroughly durable galvanized steel acetylene generator, automatic in action, and of good material and workmanship, and that it is on the permitted list of the National Board of Fire Underwriters, does not preclude the buyer from setting up the implied warranty of the law that the apparatus was reasonably suited for the purpose for which it was bought. The generator might be all that was claimed for it in the express warranty; it might be a thoroughly durable galvanized steel acetylene generator; it might be automatic in action; it might be of good material and workmanship; and it might be on the permitted list of the National Board of Fire Underwriters. There is no inconsistency or repugnancy between this express warranty and the implied warranty of the law. The generator was bought to make light, so that the purchaser would not dwell in his house in darkness. The law, in the absence of an express warranty which would preclude it, made the seller impliedly warrant that the generator was reasonably suited for generating light. This was the very essence of the contract of purchase. The express warranty in this contract of sale concerns make, quality, durability, action, material, and workmanship. It is well settled that such warranties are not usually so general in relation to the subject-matter of the sale as to exclude the implied warranty that the article is merchantable, and is reasonably suited to the use for which it was designed and intended. *Hawley* v. *Van Winkle,* 4 *Ga. App.* 85 (60 S. E. 1008). But it is urged that the purchaser ordered a known, described, and definite article from the manufacturer thereof, that this article was actually supplied by the

maker, and that in these circumstances there is no warranty that the article will answer the particular purpose intended by the buyer. *Hawley* v. *Van Winkle,* supra; *City of Moultrie* v. *Schofield's Sons Co.,* 6 *Ga. App.* 464 (65 S. E. 315) ; *Fay & Eagan* v. *Dudley,* 129 *Ga.* 314 (58 S. E. 826). These cases are not authority for the contention that there is no implied warranty that a machine, made by a manufacturer for a given purpose and purchased by a buyer for such purpose, must be reasonably suited for the use intended by the manufacturer, unless such warranty is expressly or from the nature of the transaction excepted. But it is insisted that the written contract provides that it "covers all the agreements between the purchaser and the company," and that the contract so made can not be altered or modified except by agreement in writing between the parties; and that to permit the buyer to set up an implied warranty would add to the contract another agreement which is expressly prohibited by the above provision of the contract of sale. This contention is not sound. A warranty may be either express or implied. The former is created by the statement of the seller. The law creates the implied warranty. If the former is broad enough to exclude the latter, then it precludes the buyer from setting up the implied warranty of the law. If it is not extensive enough for that purpose, the implied warranty of the law exists. The latter does not arise from the contract of the parties. It is the offspring of the law. The assertion of the implied warranty does not in any way conflict with the stipulations of the written contract of sale that the instrument contains all the agreements of the parties. The defendant does not set up the implied warranty as resulting from the agreement of the parties. He asserts it as a right arising under the law. *Elgin Jewelry Co.* v. *Estes,* 122 *Ga.* 807, 810 (50 S. E. 939).

So after a careful consideration of the opinion of the Court of Appeals, we think its judgment should be affirmed.

*Judgment affirmed. All the Justices concur.*