## 16766.    COLT COMPANY *v.* MALLORY.

1. The breach of an express warranty in an executed contract of sale does not relieve the purchaser thereunder, but gives him a right to damages. Instructions contrary to this principle were erroneous.
2. The evidence was not sufficient to authorize the verdict.

DECIDED APRIL 20, 1926.

Complaint; from city court of Madison—Judge Lambert. August 14, 1925.

*B. W. Fortson,* for plaintiff.    *Q. L. Williford,* for defendant.

BELL, J. J. B. Colt Company filed suit in the city court of Madison against T. A. Mallory for $205 alleged to be due un-

---

Sales, 35 Cyc. p. 138, n. 44; p. 441, n. 82; p. 442, n. 91; p. 458, n. 29 New; p. 465, n. 92; p. 470, n. 11.

Trial, 38 Cyc. p. 1778, n. 73; p. 1779, n. 75, 76.

der a written contract of sale of certain personal property which the seller expressly warranted "to be a thoroughly galvanized steel acetylene generator, automatic in action, and of good material and workmanship." The defendant pleaded among other things, that the apparatus was purchased of the plaintiff to be used as a home lighting plant, and was "not constructed of good material and . . was built or constructed in such an imperfect manner that it allowed a dangerous and inflammable gas, to wit, carbide gas, to escape into the house of the defendant, thereby endangering the health of the defendant and his family, and constituting a menace to his property, in that it rendered his house subject to and very liable to destruction by fire, which said gas tended by its nature and explosive qualities to produce," and also "that the automatic action was not automatic as warranted and intended, that the workmanship on the automatic action part of said generator which controls the carbide gas was not good, in that it would not do the work in a proper manner, but permitted the carbide gas to escape in great quantities, which was both a great expense in management and operation of said machine and also a great danger to fire and to the health of defendant, . . thereby rendering said machine both useless and dangerous to the defendant." The answer also alleged that in consequence of the defects the property was worthless. Thus the contention was that there had been a total failure of consideration. Upon the trial the jury returned a verdict for the defendant. The plaintiff's motion for a new trial was overruled, and the movant excepted.

If a sale of personal property has been executed, a breach of warranty will not annul it, but will give the purchaser a right to damages. *Hutchinson Lumber Co.* v. *Dickerson,* 127 *Ga.* 328 (3) (56 S. E. 491). The measure of damages in such a case ordinarily is the difference between the contract price of the goods ordered and the market price, at the time and place of delivery, of those delivered. *Americus Grocery Co.* v. *Brackett,* 119 *Ga.* 489 (5) (46 S. E. 657). The defendant's plea of total failure of consideration was not sustained unless the evidence showed that the plant was totally worthless, and the burden of proof as to this issue was of course upon the defendant. Counsel for plaintiff in error takes the position that the defendant pleaded a breach of an express warranty only, and that the evidence failed to show such

breach. We can not agree with this contention. Assuming that the evidence failed to show a breach of the express warranty that the generator was of good material and workmanship, and assuming also that the evidence established without dispute that it was automatic in action, we are of the opinion that the express warranty that the apparatus was automatic in action would not exclude an implied warranty that it would be reasonably safe and efficient in such automatic operation, within the purposes for which it was designed. *John A. Roebling's Sons Co.* v. *Southern Power Co.,* 142 *Ga.* 464 (83 S. E. 138, L. R. A. 1915B, 900) ; *Mayor &c. of Savannah* v. *United States Fuel Corp.,* 29 *Ga. App.* 573 (116 S. E. 218) ; *Clemons* v. *Farmers Hdwe. Co.,* 30 *Ga. App.* 317 (117 S. E. 672) ; *Allen* v. *Floyd,* 33 *Ga. App.* 531 (126 S. E. 878). The defendant's answer may be fairly construed as alleging a breach of such implied warranty, and we think there was some evidence to sustain the allegation. We find no evidence in the record, however, to sustain the plea of total failure of consideration. The defendant testified to the imperfect operation of the device, but there was no evidence that it was worthless. The defendant testified that it was of no value to him in the condition it was in. This did not show that it was not of some value. For this reason the verdict in the defendant's favor was unsupported. *Colt Co.* v. *Wheeler,* 31 *Ga. App.* 427 (4) (120 S. E. 792) ; *Harmon* v. *Block,* 32 *Ga. App.* 700 (2) (124 S. E. 548). As to the proof necessary to show a partial failure of consideration, see *Kiser Co.* v. *Branan,* 31 *Ga. App.* 241 (120 S. E. 427) ; *Kiser Co.* v. *Mendel Department Store,* 32 *Ga. App.* 194 (122 S. E. 794).

The plaintiff excepted also to certain portions of the court's charge, upon the ground that they permitted the jury to find in the defendant's favor on the theory of the breach of other express warranties than the one alleged in the answer to have been breached. When the charge is considered as a whole, the excerpts complained of are not fairly subject to the criticism made; but since the sale was executed, it was error to instruct the jury that a breach of the warranty would relieve the defendant of the debt, and that "if there has been a breach of that express warranty, resulting in a loss to the defendant, then that would amount to a cancellation of that contract and the defendant would not be due to pay it, and you would find in favor of the defendant in this

case." See Civil Code (1910), § 4136; *Hutcheson Lumber Co.* v. *Dickerson,* supra.

The court erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*