### 17230. FELDER *v.* NEEVES.

JENKINS, P. J. 1. An action for the purchase-price of goods can not be altogether defeated by a plea of total failure of consideration, unless the evidence shows that they were totally worthless for any purpose. *Hardee* v. *Carter,* 94 *Ga.* 482 (19 S. E. 715); *Stimpson Specialty Co.* v. *Parker,* 10 *Ga. App.* 295 (1) (73 S. E. 412); *Clegg-Ray Co.* v. *Indiana Scale Co.,* 125 *Ga.* 558 (54 S. E. 538). Where, as in the instant case, the evidence clearly shows that the machine which was the subject-matter of the contract could have been repaired at a reasonable cost, and when so repaired would have performed the service for which it was purchased, a general finding of the jury in favor of the defendant, on his plea of total failure of consideration, is not supported by the evidence, and must be set aside. *Trippe* v. *McLain,* 87 *Ga.* 536 (13 S. E. 523).

2. "An express warranty excludes an implied warranty on the same or a closely related subject, but not an implied warranty on an entirely different subject." *Barber* v. *Singletary,* 13 *Ga. App.* 171 (1) (78 S. E. 1100). Thus, where the defense exclusively relied upon is the breach of an express warranty, the judge should not charge upon the subject of implied warranty. *Compton* v. *Woodruff,* 23 *Ga. App.* 803 (99 S. E. 537).

3. In a suit for the purchase-price of machinery, while the defendant can not claim the benefit of both an alleged special warranty as to quality and the general warranty implied by the law to exist in the absence of an express warranty, he, nevertheless is entitled to set up inconsistent pleas and claim the benefit of such defense as he may, under the proof, be entitled to; and where, as here, the defendant pleads an express warranty whereby the seller guaranteed that the engine was capable of performing work of a particular kind and character, and also set up

Sales, 35 Cyc. p. 392, n. 74, 76; p. 484, n. 3, 4; p. 540, n. 65; p. 573, n. 75.

that the machinery bargained for was totally unsuited for the purposes for which it was intended to be used, the judge did not err in charging the law governing express warranties, as controlling in the case in the event the jury should find there was such an agreement, and in thereafter charging the jury what would be the alternative rule, under the law of implied warranty, in the event that they should find in favor of the plaintiff's contention that no such express warranty had been actually made. *Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED OCTOBER 13, 1926.

Complaint; from Clay superior court—Judge Yeomans. February 13, 1926.

*A. H. Gray,* for plaintiff. *E. R. King,* for defendant.