## 17157. COLT COMPANY v. ARMSTEAD.

1. In an action for the purchase-price of property sold and delivered, where the plea is that the consideration has totally failed, in that the property was worthless, a general verdict in the defendant's favor is not authorized by evidence that the property is worthless in its present condition, where the undisputed evidence further shows that by a small expenditure it could be repaired and made to perform good work.

Sales, 35 Cyc. p. 484, n. 98; p. 557, n. 92 New.

2. The court, while instructing the jury in reference to the alleged breach of an express warranty that the thing sold was of "good" material, erred in charging them in such language as to imply that the warranty was not complied with unless the material was of the "best." Whether this error alone would require a new trial under the facts appearing is not decided.

DECIDED OCTOBER 29, 1926.

Complaint; from Barrow superior court—Judge Stark. November 28, 1925.

*G. A. Johns,* for plaintiff. *J. D. Quillian,* for defendant.

BELL, J. The J. B. Colt Company brought suit against D. J. Armstead for the purchase-price of a generator and appurtenances designed for use as a home lighting plant. The defendant pleaded that the consideration had failed totally, in that the property was worthless. The jury found a general verdict for the defendant, and the plaintiff excepted to the overruling of its motion for a new trial.

1. We think the court erred in refusing the motion. The plea of total failure or consideration was not sustained unless the evidence showed that the plant was worthless for any purpose. *Harmon* v. *Block,* 32 *Ga. App.* 700 (1) (124 S. E. 548). The evidence disclosed that the property was defective and authorized the inference that it was worthless in its existing condition; but the undisputed testimony further showed that with a small expenditure of money, far less than the purchase-price, it could be repaired and made to perform the work for which it was intended. In this state of the evidence, the general verdict in the defendant's favor was unauthorized. See, in this connection, *Trippe* v. *McLain,* 87 *Ga.* 536 (13 S. E. 523) ; *Felder* v. *Neeves,* 36 *Ga. App.* 41 (135 S. E. 219) ; *Thompson Oil Mill Co.* v. *Murray,* 19 *Ga. App.* 137 (91 S. E. 217) ; *Kiser Co.* v. *Branan,* 31 *Ga. App.* 241 (120 S. E. 427) ; *Coll Co.* v. *Pickron,* 32 *Ga. App.* 715 (3) (124 S. E. 550) ; *Colt Co.* v. *Bridges,* 34 *Ga. App.* 422 (129 S. E. 904) ; *Colt Co.* v. *Bridges,* 162 *Ga.* 154 (132 S. E. 889) ; *Colt Co.* v. *Mallory,* 35 *Ga. App.* 289 (133 S. E. 55) ; *Colt Co.* v. *Hiland,* 35 *Ga. App.* 550 (134 S. E. 142).

2. The charge of the court was inaccurate, though perhaps not materially erroneous, under the facts appearing.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*