## 20552. PHIPPS LUMBER COMPANY v. ALBANY HARDWARE AND MILL SUPPLY COMPANY.

STEPHENS, J. 1. In a suit for the purchase-price of articles sold and delivered to the defendant, which consisted in a quantity of plow-handles, where the defendant pleaded a breach of a warranty that the articles contracted for were known as "No. 1 Georgia stock plow-handles," and were of a certain character as respects the varnishing finishing upon them and the shape of the plow-handles, and the grade of wood out of which they were made, and that the articles were merchantable and were reasonably suited to the use intended; the alleged breach being that the plow-handles delivered were not No. 1 Georgia stock plow-handles, in that, by reason of inferior varnish, the finish was not that of No. 1 Georgia stock plow-handles, that by reason of the shape and quality of the plow-handles they were not No. 1 Georgia stock plow-handles and would not fit the plow-beams and would break upon being attached thereto, that the alleged defects were not known to the defendant and could not have been discovered by it in the exercise of ordinary care, but were only discoverable after the plow-handles had been sold and shipped out by the defendant and had gotten into the hands of farmers or consumers, to the defendant's damage in the full amount sued for, the plea set out a breach of the express warranty contained in the character and description of the articles sold, and did not set up a breach of any warranty implied by law that may have inhered in the sale. *Henderson Elevator Co.* v. *North Georgia Milling Co.*, 126 *Ga.* 279 (55 S. E. 50); *Brooks Lumber Co.* v. *Case Threshing Machine Co.*, 136 *Ga.* 754 (72 S. E. 40); *John A. Roebling's Sons Co.* v. *Southern Power Co.*, 142 *Ga.* 464 (83 S. E. 138); *Colt Co.* v. *Bridges*, 162 *Ga.* 154 (132 S. E. 889); *DeLoach Mill Manuf. Co.* v. *Tutweiler Coal Co.*, 2 *Ga. App.* 493 (58 S. E. 790); *Barber* v. *Singletary*, 13 *Ga. App.* 171 (78 S. E. 1100); *Mayor &c. of Savannah* v. *United States Fuel Corp.*, 29 *Ga. App.* 573 (116 S. E. 218). The plea, properly construed, was not one of a rescission of the contract. The plea was good as against general demurrer. The allegation in the plea, that a letter written by the plaintiff would show the inferior character of the varnishing of the plow-handles, was an allegation of what the defendant's evidence would show, and was subject to special demurrer. Otherwise the plea was not subject to demurrer.

2. Evidence that the defendant had had various complaints concerning the plow-handles from many of its customers, the names of whom were given, and that the defendant had agreed with the customers for a return of the plow-handles to the defendant, that many of the complaints received were to the effect that the plow-handles would not fit the plow-beams and were otherwise objectionable, was inadmissible as being hearsay; and since the evidence in support of the existence of the alleged defects in the plow-handles consisted largely of such hearsay testimony, the admission of this evidence must necessarily have been prejudicial and harmful to the plaintiff. Its admission was error requiring the grant of a new trial.

3. Where in such a suit it was admitted by the plaintiff that certain

freight charges on a portion of the goods which had been paid by the defendant should be credited to the defendant, there was therefore no issue for determination by the jury as to the defendant's right to have this payment credited to him. Evidence offered by the defendant and admitted, that the goods had been billed by the plaintiff for transportation by the railroad as goods that carried a smaller freight rate than that to which the goods were subject, and that the defendant had paid the proper freight charges, was irrelevant and immaterial to any issue presented. The evidence being of a nature calculated to reflect upon the integrity of the plaintiff, its admission was necessarily harmful and prejudicial to the plaintiff, and was therefore error.

4. It is not necessary to pass upon the assignments of error not dealt with above.

5. The court erred as indicated in overruling the plaintiff's special demurrer to the defendant's plea, and also erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 26, 1931.

*L. A. & M. B. Peacock, Bennet & Peacock,* for plaintiff.
*S. B. Lippitt,* for defendant.