## 21663. EVANS v. MITCHELL.

JENKINS, P. J. This was a suit for $120, the balance alleged to be due on the purchase-price of a heater sold and delivered to the defendant for $159.50. The defendant pleaded that there had been a breach of warranty, in that it was represented and warranted that the heater would heat her entire house, and that it had failed to do so. On the trial the evidence for the defendant was to the effect that the heater would not comfortably heat the six downstairs rooms of the defendant's house, but that it did heat a portion of the house. No testimony was offered as to the value of a heater such as one that would heat only a portion of a house the size of the house of the defendant. The trial judge in the municipal court found in favor of the defendant, and the plaintiff now excepts to the order of the judge of the superior court overruling his certiorari. *Held:*

1. A breach of warranty, express or implied, does not annul the sale if executed, but gives the purchaser a right to damages. It may be pleaded in abatement of the purchase-money. If the sale be executory, it is a good reason for the purchaser to refuse to accept possession of the goods. Civil Code (1910), § 4136. The rule seems to be that if the defects or discrepancies in the article purchased are patent, such as might have been discovered by the exercise of ordinary care and prudence, then acceptance by the purchaser, in the absence of fraud, will operate as an absolute waiver on his part even of a claim for damages growing out of an implied warranty (*Cook* v. *Finch*, 117 *Ga.* 541, 44 S. E. 95; *Mansor* v. *Zemurray*, 22 *Ga. App.* 441, 96 S. E. 233), but that such mere acceptance will not prevent his making a claim for damages arising out of an express warranty. *Moultrie Repair Co.* v. *Hill*, 120 *Ga.* 730 (48 S. E. 143); *Springer* v. *Indianapolis Brewing Co.*, 126 *Ga.* 321 (4) (55 S. E. 53); *North Ga. Milling Co.* v. *Henderson Elevator Co.*, 130 *Ga.* 113 (60 S. E. 258, 24 L. R. A. (N. S.) 235). But, no matter whether the warranty be express, as is here contended, or whether it be only such as is ordinarily implied by law, in neither case, after delivery and valid acceptance has been made, and the contract has thus become executed, can it be rescinded and annulled merely because the goods do not come up to the specifications of the sale agreement. *Cook* v. *Finch*, supra; *Battle* v. *Livingston*, 21 *Ga. App.* 809 (95 S. E. 314). Fraud will authorize such a procedure. Fraud on the part of the vendor, whereby the purchaser was deceived and misled either into making the contract itself or into accepting delivery thereunder, will authorize a rescission, but in this case fraud is not pleaded, and even had it been pleaded it could not be proved or inferred by showing nothing more than a mere breach of warranty.

2. In the instant case, whether the plea of the defendant be treated as one of failure of consideration, as counsel for both parties treat it in their briefs, or whether it be treated as a plea of the breach of an express warranty, since it appears without dispute that the property had some real value, and there was no testimony whatever as to what its value was, and there being no testimony tending to show that the amount remaining unpaid represented the difference between the actual

value of the property and the contract price, the finding in favor of the defendant was unauthorized. *Felder* v. *Neeves*, 36 *Ga. App.* 41 (135 S. E. 219); *Colt Co.* v. *Armstead*, 36 *Ga. App.* 64 (135 S. E. 317); *Fallen* v. *Electric Appliance Co.*, 42 *Ga. App.* 96 (154 S. E. 915); *Clegg-Ray Co.* v. *Indiana Scale & Truck Co.*, 125 *Ga.* 558 (54 S. E. 538). Accordingly, the judge of the superior court should have sustained the certiorari. *Judgment reversed. Stephens and Bell, JJ., concur.*

.DECIDED FEBRUARY 12, 1932.

*Ralph L. Wiggins,* for plaintiff.  *W. E. Harclerode,* for defendant.