35951.   JAMES *v.* JACOBSEN.

Decided January 25, 1956.

*Oliver, Davis & Maner,* for plaintiff in error.

*W. J. Richardson, Jr.,* contra.

GARDNER, P. J. The record reveals that this is an action ex contractu and not ex delicto. This leads us to consider first whether or not the instrument regarding termite infestation was a legal and binding contract with sufficient consideration to vary the terms of the original contract of sale and contract of purchase. It is our understanding of the law that where the vendor of realty stipulates the terms upon which the property is offered for sale and such offer is accepted by a proposed purchaser, such

contract between them is executed within the terms of the agreement. The contract of sale set up certain specifications, all of which were fulfilled by the vendor and the purchaser within the specified time. Before the consummation of the sale there was executed an instrument in which the seller guaranteed to the purchaser, in writing, that the premises in question were free of termite infestation and free of damage due to any previous termite infestation. It is further contended by the purchaser that even before the original contract was signed the vendor orally stated that the premises were free from termite damage. It must be kept in mind that the action here involved is not based on fraud in the procurement of the contract. Fraud in the procurement of a contract will authorize a rescission of a contract. See *Evans* v. *Mitchell,* 44 *Ga. App.* 695 (1) (162 S. E. 660). Whether or not a warranty is express or implied by law, after delivery and acceptance of the contract, the contract becomes executed and, in the absence of fraud, it cannot be rescinded and/or canceled because the property does not come up to specifications of the sales agreement. In such event the purchaser's action is for breach of warranty. See *Battle* v. *Livingston,* 21 *Ga. App.* 809 (95 S. E. 314); *John M. Clark & Co.* v. *Neufville,* 46 *Ga.* 261 (1); and *Cook & Co.* v. *Finch,* 117 *Ga.* 541 (44 S. E. 95). See also Code § 96-306 which reads: "A breach of warranty, express or implied, shall not annul the sale if executed, but shall give the purchaser a right to damages. It may be pleaded in abatement of the purchase money. If the sale is executory, such breach is a good reason for the purchaser to refuse to accept possession of the goods." The plaintiff has elected to have his action on the contract for breach of warranty. A breach of warranty express or implied gives the purchaser the right to damages even though the vendor by his actions may have been liable for fraud as well as breach of warranty. The purchaser may waive fraud and sue upon breach of warranty. A warranty itself rests upon contract. *Thompson* v. *Scott,* 21 *Ga. App.* 440 (94 S. E. 628). The original contract was based on legal consideration and was valid and enforceable. The original contract of sale here, as the record reveals, was executed on January 14, 1955, and the express warranty with regard to termites was given by the defendant on February 10, 1955. The sale had not taken place and no delivery of the

property had been made and the parties had not yet done what the original contract obligated them to do. See *Woodruff* v. *Graddy & Sons,* 91 *Ga.* 333 (17 S. E. 264). Where, as here, the termite instrument is relied upon as a part of the original contract of sale, there are decisions to the effect that such a reliance is not tenable but is nudum pactum. See *Willingham Sash & Door Co.* v. *Drew,* 117 *Ga.* 850 (45 S. E. 237); *Dutton* v. *Faulk,* 159 *Ga.* 736 (126 S. E. 718); *Bush & Bros.* v. *Rawlings,* 89 *Ga.* 117 (14 S. E. 886); and *Phinizy* v. *Bush,* 129 *Ga.* 479 (59 S. E. 259).

The court overruled the general and special demurrers. However, the argument here is based solely on the overruling of the general demurrers. In view of the whole record and the law the court erred in overruling the general demurrers.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*